UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNESTUS JOHNNY DEBERRY,

    Plaintiff,                        Civil No. 2:19-13790
                                       HON. NANCY G. EDMUNDS
                                       UNITED STATES DISTRICT JUDGE
v.

FARRIS,

    Defendant,
_____/

## OPINION AND ORDER SUMMARILY
## DISMISSING CIVIL RIGHTS COMPLAINT

### I. Introduction

Arnsestus Johnny Deberry, ("Plaintiff"), incarcerated at the Macomb Correctional Facility in Lenox Township, Michigan, filed a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The complaint is summarily denied because Plaintiff failed to state a claim upon which relief can be granted.

### II. Standard of Review

Plaintiff is allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or

1

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## III. Complaint

Plaintiff claims that on March 2, 2017 he swallowed two six inch metal rods. Plaintiff claims he did this because he suffers from an unspecified mental illness. The rods lodged in plaintiff's intestinal tract. The rods remained in plaintiff's intestines for fourteen days. The rods caused plaintiff to have double intestinal obstruction as well as multiple perforations. Plaintiff claims that he was unable to hold down any food or to defecate. Plaintiff claims that for fourteen days, plaintiff was given no medical treatment other than having an x-ray taken every two or three days to determine the position of the rods in the intestines, ostensibly in the hope that the rods would be expelled naturally from the body. During one of the x-ray sessions, plaintiff complained to defendant, a physician's assistant, that he was in pain and asked for the defendant to help him or at least give him some pain medications. Plaintiff alleges that defendant told him she did not want to hear his complaint because he did this to himself and that he needed to "deal with it." On the fourteenth day, the rod that was lodged in the transverse colon began to bleed, causing plaintiff to begin vomiting blood. Plaintiff was taken to the hospital for emergency surgery to remove the rods and to repair damage that the rods had caused to plaintiff's transverse colon and to the sigmoid area. Plaintiff seeks monetary and declaratory relief.

## IV. Discussion

The complaint must be dismissed because Plaintiff failed to establish that the defendant was medically indifferent to his medical needs.

The Eighth Amendment to the U.S. Constitution requires prison officials to provide adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994);

*Brooks v. Celeste*, 39 F. 3d 125, 127 (6th Cir. 1994). The Eighth Amendment prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate. *Hicks v. Grey*, 992 F. 2d 1450, 1454-1455 (6th Cir. 1993).

The test to ascertain whether prison or jail officials were deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment prohibition against cruel and unusual punishment, has both an objective and subjective component. *Napier v. Madison County, Ky.*, 238 F. 3d 739, 742 (6th Cir. 2001)(citing to *Brown v. Bargery,* 207 F. 3d 863, 867 (6th Cir. 2000)). Under the objective component, the inmate must establish that the alleged deprivation is sufficiently serious and poses a substantial risk of serious harm. The subjective component is established if the inmate shows that prison officials had a "sufficiently culpable state of mind." *Napier v. Madison County, Ky.,* 238 F. 3d at 742 (citing to *Farmer v. Brennan,* 511 U.S. at 834). In other words, to prove deliberate indifference, a plaintiff must show that the defendant "knew of, yet disregarded, an excessive risk to his health." *Logan v. Clarke*, 119 F. 3d 647, 649 (8th Cir. 1997).

This Court notes that "[t]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986)(emphasis original); *See also Lewellen v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 34 F. 3d 345, 348 (6th Cir. 1994)("it is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Likewise, a complaint that a doctor or other health provider was negligent in diagnosing or treating a medical condition of a prisoner does not state a valid claim of medical mistreatment under the Eighth

4

Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanderfer v. Nichols,* 62 F. 3d 151, 154 (6th Cir. 1995). "[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106. Thus, an Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence. *See Harrison v. Ash,* 539 F.3d 510, 522 (6th Cir. 2008). Accordingly, "[w]hen a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Plaintiff does not allege that the defendant completely ignored his medical condition but only appears to disagree with the course of treatment. "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." *Rhinehart v. Scutt*, 894 F.3d 721, 744 (6th Cir. 2018). Instead, "'forms of treatment' are generally 'a classic example of a matter for medical judgment' that 'does not represent cruel and unusual punishment.'" *Id.,* at 744-45 (*quoting Estelle*, 429 U.S. at 107)). The defendant and other personnel at the prison performed x-rays on plaintiff every two or three days to determine the position of the rods. The obvious reason for doing this was to see if the rods could possibly be expelled from plaintiff's body without the need to perform surgery. The decision to initially treat plaintiff's condition in this matter does not rise to the level of deliberate indifference to plaintiff's medical needs, but involves at most, a disagreement by plaintiff over the type of treatment that he was provided. *See e.g. Jeter v. Ahmed*, No. 1:13-CV-244, 2014 WL 1961919, at *6 (S.D. Ohio May 15, 2014), *report and recommendation adopted*, No. C-1-13-244, 2014

5

WL 2773165 (S.D. Ohio June 19, 2014). Once a determination was made that plaintiff's condition required surgery, he was taken to the hospital and surgery was performed.

Plaintiff failed to establish that the defendants were indifferent to his medical needs; his complaint shall be dismissed.

Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## V. ORDER

Accordingly, it is **HEREBY ORDERED** that the civil rights complaint is **DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

s/ Nancy G. Edmunds
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: January 29, 2020